In re Murray Lee HICKMAN, Ann Hickman, Debtors.

MAMMOTH CAVE PRODUCTION CREDIT ASSOCIATION, Plaintiff,

v.

Murray Lee & Ann HICKMAN d/b/a Walnut Hill Farms, Defendants.

Bankruptcy No. 18300310.
Adv. No. 1830077.

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 7, 1983.

John W. Ames, Louisville, Ky., G. William Leach, Franklin, Ky., for debtors.

Richard Frockt, Louisville, Ky., and H. Jefferson Herbert, Glasgow, Ky., for plaintiff.

Joseph E. Fineman, Louisville, Ky., counsel for Federal Intermediate Credit Bank.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

In procedural terms the matter before the Court is nothing more than a motion to dismiss a counterclaim. In substance, however, the pleading focuses with alarming clarity on the most fundamental conflict in bankruptcy reorganization law—the right of a creditor to full and immediate protection of its property as opposed to the right of a debtor to continue using property deemed necessary to a reorganization.

The issue raised by these pleadings is of such high order, and the economic effect of its ultimate resolution so profound, that there will be nothing meaningful left for this reorganization court to do after it is decided. We will explain further in the course of this memorandum.

The immediate controversy was initiated by the complaint of the Mammoth Cave Production Credit Association for relief from the automatic stay imposed by 11 U.S.C. § 362. The creditor's motive obviously was to escape the strictures of this Court in order to foreclose its interest in the farm, livestock and farm equipment of the debtors Murray and Ann Hickman.

Rather than inspiring the standard response in the form of a general denial and statement of the need for the farm property in reorganization, the § 362 action provoked an aggressive counterattack designed not only to eviscerate the creditor protection which was invoked, but also to demand a substantial money recovery.

In the motion to dismiss the counterclaim, the creditor argues that the debtor's response is inappropriate to a hearing on § 362 relief, insofar as such hearings envision the immediate protection of the secured creditor's property interest through prompt adjudication. The debtor's response, in the creditor's view, raises questions which are not substantially related to the issues presented by the complaint, the resolution of which would require exhaustive discovery, trial preparation, and a trial which could occupy days or weeks. With that contention we agree in part and disagree in part.

The debtors' response to the complaint consists of nine separate counts, alleging

*inter alia* such matters as fraud, over-reaching, and illegal inducement by PCA in obtaining the mortgages in question. The counterclaim seeks (1) to have the loan transactions characterized as preferential transfers voidable under bankruptcy law; (2) to have the PCA branded as an "insider" in the farming operation and its claims therefore equitably subordinated in Chapter 11; (3) generally to have the mortgages invalidated, and (4) to have the Court assess $800,000 actual damages and $5 million punitive damages against the plaintiff PCA.

Insofar as the claims for money damages are concerned, we agree with the plaintiff that they are not properly a part of an adequate protection hearing.

However, those portions of the answer and counterclaim which draw into question the validity of the security interest sought to be protected are directly responsive to the complaint and must be considered as part and parcel of this controversy from the outset.

In an action to enforce a mortgage there can be no more "substantially related" response than a challenge to the validity of that mortgage. By making that factual assertion, assuming it to be neither insubstantial nor frivolous, the debtor at the outset raises the question of whether the creditor owns a property interest of the sort entitled to constitutional protection; in a pure sense, the debtor challenges the standing of the creditor to claim § 361 relief.

For the purpose of this memorandum we assume the *bona fides* of the answer and counterclaim, just as with the complaint. The debtors' pleading does not appear to be either insubstantial or capriciously brought.

In the ordinary adequate protection hearing the validity of the underlying security interest sought to be protected is presupposed. That is, absent a direct challenge to the validity of that property interest, the only questions to be addressed by the Court are the value of the secured property and the extent to which that value might be further eroded by the passage of time.

It is that precious commodity, time, which sets apart the adequate protection hearing, elevates its rank in the docket, and requires its prompt adjudication. Most such complaints to lift the stay (now brought in the form of motions under the Rules of Bankruptcy Procedure effective August 1) are brought by long-term mortgagees entitled to the continuation of a stream of future payments and compensation for any demonstrated impairment in value, or their "indubitable equivalent." We advance such matters on the docket so that the time-value of money will not be diminished by strictly judicial delay.

It is time which would be consumed by a thorough deliberation of the affirmative defenses raised by this debtor. Time, and a plea for the further tolling of it, is of course the very soul and essence of a Chapter 11 petition, and the Court must be always vigilant to avoid its cheap purchase. But, as we have said, the question as raised in this context appears to be neither insubstantial nor capricious.

Our dilemma in the present procedural posture is that rather than being confronted with *a* question, we face *the* question. If the PCA loses, it loses not only the entire property interest alleged to enjoy constitutional protection, but substantial additional sums as well. If the farmer loses, he loses everything; for predictably, during the length of time required to dispose of this controversy (assuming anything less than full mortgage payments are timely made), it will be impossible for him to adequately protect this creditor, and any effort at reorganization therefore would be meaningless. It would not be stretching the point to say that during the entire pendency of an action of this sort, a feasible reorganization plan is categorically impossible.

Thus the debtor, by raising a counterclaim of this sort, has changed the basic nature of this proceeding from a reorganization to a simple lawsuit—not uncomplicated in its facts, admittedly, but nevertheless quite ordinary in its concepts.

The debtor has accomplished only one thing—the preclusion of a meaningful ade-

quate protection hearing. And of only one thing may this debtor and this creditor, already in receivership itself, be certain— that the passage of time is likely to make losers of them both.

It is fair to say that the nature of this controversy has been so radically altered by the pleadings that it does not at all fit within the modes of relief envisioned by Sections 361 and 362. To that extent the plaintiff is not even entitled to the prompt hearing it demands.[1] Nevertheless, we will attempt to give appropriate respect to those statutes and their mandate of expedited judicial attention, in the final operative portions of this Memorandum and Order.

In the interim the parties are encouraged to consider at least three apparent alternatives: (1) an agreed order further continuing the scheduled hearing for a reasonably brief time, to allow adequate time for preparation; (2) the entry of an order conditionally lifting the stay in order to refer to appropriate state courts the fundamental questions raised by these pleadings,[2] with a provision that the automatic stay be reimposed upon the entry of any final state court judgment settling the property rights of the parties; and (3) the entry of an order dismissing this Chapter 11 proceeding without prejudice pending a final state court adjudication on the questions we have identified, following which the debtor would be expressly allowed to refile under Chapter 11.

In accordance with the foregoing, it is hereby ORDERED:

1. The motion of the plaintiff to dismiss the counterclaim is OVERRULED, insofar as it relates to those affirmative defenses directly challenging the validity of the plaintiff's security interests. The motion is OVERRULED WITHOUT PREJUDICE with respect to those portions of the counterclaim which seek compensatory and punitive damages, and is expressly permitted to be brought forward at any time pending further procedural developments in this matter.

2. The evidentiary hearing originally scheduled for November 21, 1983, is hereby redocketed for the full week of January 15 through 20, 1984, beginning at 9:00 A.M. on January 15, for full hearing on all fact questions then properly before the Court. The rights of the litigants to adequately prepare for a full and fair hearing may require still another continuation, but nevertheless the earliest possible trial date has been assigned out of respect for the intent, if not the literal requirement, of 11 U.S.C. § 362.

3. A pretrial conference shall be held in Chambers at 11:30 A.M., Monday, November 21, 1983, to consider the trial of appropriate parts of this litigation by a nonbankruptcy court, by modifying the automatic stay.[3]

This Order by its very nature is an interlocutory one. The Court will, however, freely grant leave to appeal upon the request of either party.

---

1. By setting an early trial date, however, we give this plaintiff precisely the same "adequate protection" it would enjoy if it were pursuing its rights in a nonbankruptcy court—the right to enforce its property interest *subject to available defenses.*

2. With the adequate protection issue being rendered ineffectual by the affirmative defenses, the only issue which by definition could *not* be decided in a nonbankruptcy court is that of the equitable subordination of PCA's Chapter 11 claim.

3. This manner of dealing with the time problems created by a § 362 complaint and substantive counterclaim was employed by Judge Brown in a similar case, *In re Tinsley & Groom,* 1–83–00015 (Order of Oct. 31, 1983).